Misc.]    Surrogate's Court, Kings County, February, 1917.

Matter of the Petition of Robert L. Chapman to Prove the Last Will and Testament of Martha E. Chapman, Deceased.

(Surrogate's Court, Kings County, February, 1917.)

Trial — before jury in contested probate proceeding — evidence — wills — when motion to set aside verdict and for new trial denied.

Where the jury in a contested probate proceeding had before them definite and substantial evidence tending to show the exercise of undue influence in the making of the will, and the absence thereof, and the only finding against proponent was that the will was produced by undue influence, a motion to set aside the verdict and for a new trial will be denied.

Proceeding upon the probate of a will. Motion by proponent to set aside a verdict and to grant a new trial.

Charles J. McDermott, for Robert E. Chapman and Frederick A. Chapman, in support of motion.

Fletcher, Sillcocks & Leahy (Henry Sillcocks, of counsel), for contestant, Henry Chapman, in opposition to motion.

William Murray, special guardian for Ruth M. Chapman, infant.

Ketcham, S.   This is a motion by proponent to set aside a verdict and to grant a new trial. The only finding against the proponent was that the will was produced by undue influence. Two errors of law are assigned. One, involving the application of section 829 of the Code does not present a serious aspect and is not argued. The other concerns a refusal to repeat

Surrogate's Court, Kings County, February, 1917.    [Vol. 99.

an instruction which had already been expressly given.

The jury had before them definite and substantial evidence tending to show the exercise of undue influence. There was also definite and substantial evidence tending to show the absence of undue influence. If either mass of proof was disregarded the verdict which registered such disregard was not only justifiable but inevitable.

The verdict is attacked as inconsiderate and perverse. If passion, prejudice, sympathy or other form of unreason is asserted against a verdict, it is only in the evidence that search must be made for the supposed defect. Hence, however paraphrased, the only ground of relief open to one who believes that the verdict was actuated by passion, prejudice or a like impulse, is that it was against the "weight of evidence."

It may be that a court here and there has been itself betrayed into a judicial passion or prepossession, and under the spell of its own conviction as to problems which were not before it has found a jury wrong and, therefore, perverse, because its conclusions were not such as the judge himself would have reached if he had been the jury.

Despite these examples, this court will not set aside a verdict as against the evidence or against the weight of evidence when the jury have been confronted by a fair conflict of evidence. The motion is denied.

Motion denied.